[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11762

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS ENRIQUE RENTERIA GRANADOS,
a.k.a. El Viejo,
a.k.a. El Tio,
a.k.a. Senor,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20801-WPD-1

_____

Before WILLIAM PRYOR, Chief Judge, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Luis Renteria Granados, a federal prisoner, appeals the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Granados failed to identify an extraordinary and compelling reason to warrant early release, U.S.S.G. § 1B1.13, and the statutory sentencing factors weighed against granting sentencing relief, 18 U.S.C. § 3553(a). The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

Granados pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a), 70506(b). At sentencing, the district court found the amount of cocaine involved—six tons—was an aggravating

circumstance, and Granados's age, medical issues, and attempts at substantial assistance were mitigating circumstances. The district court granted a downward variance from Granados's advisory guideline range of 135 to 168 months of imprisonment and sentenced him to the mandatory minimum sentence of 120 months, finding that this sentence was "sufficient to promote respect for the law and to act as a deterrent on a 69-year-old individual." Granados did not appeal.

Granados unsuccessfully moved *pro se* for compassionate release in 2020 and 2021. In 2022, Granados again moved for compassionate release. He argued that his age of 74 years and medical conditions increased his risk of serious illness or death from a COVID-19 infection and constituted an extraordinary and compelling reason to reduce his sentence. Granados also argued that his good behavior, rehabilitation in prison, and minimal risk to the public due to his age warranted a sentence reduction.

The district court denied Granados's motion to reduce his sentence. In considering the section 3553(a) factors, the district court stated that Granados's offense involved "six (6) tons of cocaine" and that it was exercising its discretion to deny a sentence reduction because a reduction "would not promote respect for the law or act as a deterrent." And the district court reaffirmed its previous finding that Granados had failed to prove that his medical conditions rose to the level of extraordinary and compelling.

Summary affirmance is appropriate because there is no substantial question that Granados is not entitled to compassionate

release. *See Groendyke*, 406 F.2d at 1162. Granados does not dispute that the district court had the authority to deny his motion to reduce based solely on its determination that relief was inappropriate based on the statutory sentencing factors. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). Instead, Granados argues that the district court abused its discretion in considering the statutory factors by "not getting past the 'six tons of cocaine' and considering his post conviction rehabilitation." But the district court was not required to afford any weight to Granados's rehabilitation, U.S.S.G. § 1B1.13 cmt. n.3, and the district court did not abuse its discretion by placing greater weight on the seriousness of Granados's offense and the need to provide deterrence and promote respect for the law. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). And because we can affirm on this alternative ground stated by the district court, we need not address Granados's arguments that his medical conditions qualified as an extraordinary and compelling reason to justify his early release. *See Tinker*, 14 F.4th at 1237; *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

We **GRANT** the motion for summary affirmance, **AFFIRM** the denial of Granados's motion for compassionate release, and **DENY AS MOOT** the motion to stay the briefing schedule.